IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE  NO. H-07-187 |
| | § | |
| HOPE IKECHUKWU ANELE | § | |

## MEMORANDUM AND ORDER

This criminal drug prosecution is before the Court on Defendant's Motion the Use Deposition Testimony ("Motion") [Doc. # 87].  Defendant is charged in a Superseding Indictment with one conspiracy count and one substantive count of possession with intent to distribute more than five kilograms of a substance containing cocaine base.  Having reviewed the Motion, the Government's Response [Doc. # 89] and the governing legal authorities, the Court **denies** the Motion.

Rule 15 of the Federal Rules of Criminal Procedure provides that a "party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." FED. R. CRIM. P. 15(a)(1).  The Court has broad discretion in deciding whether to allow a Rule 15(a) deposition and "should review these motions on a case-by-case basis, examining whether the particular characteristics of each case

constitute 'exceptional circumstances.'" *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994); *see also United States v. Allie*, 978 F.2d 1401, 1405 (5th Cir. 1992).

Defendant asks the Court, pursuant to Rule 15, to permit Defendant "to take and use at trial the deposition of Fidelis George" who lives in Nigeria. In a prior Motion for Continuance [Doc. # 77], Defendant represented that George would testify that Defendant was traveling to Nigeria to attend a wedding, was taking a tuxedo and engraved wedding invitations to George,[1] that he served on the board of directors of a Nigerian company Anele started, and that "Anele is a man of good character and not apparently involved with illicit narcotics trafficking."

As has been discussed during hearings in this case over the past several months and in at least one written order of the Court, the issue to be decided by the jury is whether Defendant knew he was transporting controlled substances when he attempted to board a flight to London on his way to Nigeria. The Government does not appear to contest – probably because it is not material – that Defendant was headed ultimately to Nigeria for a wedding or that he was carrying a tuxedo and wedding invitations. Rule 15 requires that the deposition will provide evidence that is material. *See Dillman*. 15 F.3d at 389. The anticipated testimony from George, as described by

---

[1] Defendant does not explain why he would be taking the wedding invitations to the wedding.

Defendant, is not material to any element of either the conspiracy or the substantive count. Because the testimony would be immaterial, the Motion is denied.

Additionally, Defendant has known about the charges, his theory of the case and his defense since May. He has known since at least early October that it would be difficult for George to obtain the necessary visa to travel to the United States for trial. The Motion was not filed until November 16, 2007, ten calendar days and four business days before trial. As a result, the Motion is denied also because it is untimely. *See United States v. Dearden*, 546 F.2d 622, 625 (5th Cir. 1977); *Heflin v. United States*, 223 F.2d 371, 375 (5th Cir. 1955) (holding that Rule 15 motion made five days prior to trial was properly denied as untimely even though it was filed only fifteen days after defense counsel was appointed).

The Court denies the Motion also because Defendant offers no basis for the United States or the Court to "confirm the identification and reliability of the potential witness." *See, e.g., United States v. Tolliver*, 61 F.3d 1189, 1206 (5th Cir. 1995), *vacated on other grounds*, 516 U.S. 1105 (1996). Defendant has provided the Court with no information regarding how he proposes to depose George,[2] no information regarding the administration of oaths in Nigeria, and no legal authority for how the

---

[2] The Court would not approve taking the deposition telephonically. *See Tolliver*, 61 F.3d at 1206 (citing *United States v. Ferrera*, 746 F.2d 908, 913 (1st Cir. 1984) (affirming district court's denial of request for telephonic deposition)).

Court could deal with a violation of an appropriate oath. Rule 15(f) provides that the deposition may be used "as provided by the Federal Rules of Evidence," but Defendant has not identified any basis for admitting any of the deposition testimony, if taken.

Defendant's reliance on *United States v. Farfan-Carreon*, 935 F.2d 678 (5th Cir. 1991), is unavailing. In *Farfan-Carreon*, the district court denied the Rule 15 Motion because the motion was not accompanied by an affidavit and because the defendant failed to demonstrate exceptional circumstances. The Fifth Circuit reversed the district court because Rule 15 does not require a supporting affidavit. The Fifth Circuit also noted that the anticipated testimony – that the defendant had no knowledge that there was marijuana hidden in the truck – was highly material.

The anticipated testimony from George regarding his wedding and his service on the board of a Nigerian company is not material to any element of the offenses charged in the Superseding Indictment. All these matters could be true and Defendant could still have know he was carrying controlled substances. Further, Defendant does not assert that George is the only person who can provide character testimony for Defendant. The Motion is untimely, and Defendant offers no plan for taking the deposition, no indicia of reliability, and not basis for any deposition testimony from George to be admissible at trial. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Use Deposition Testimony [Doc. # 87] is **DENIED**.

The case remains scheduled for jury selection and trial at **9:30 a.m. on Monday, November 26, 2007.**

SIGNED at Houston, Texas, this **21st** day of **November, 2007.**

_____
Nancy F. Atlas
United States District Judge