# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE  NO. H-07-187 |
| | § | |
| HOPE IKECHUKWU ANELE | § | |

## MEMORANDUM AND ORDER

This criminal drug prosecution is before the Court on Defendant's Post-Conviction Motion for Judgment of Acquittal ("Motion") [Doc. # 136]. Defendant was convicted, following a jury trial, of conspiracy and possession with intent to distribute more than five kilograms of a substance containing cocaine. The Court has carefully reviewed the Motion and the Government's Response [Doc. # 138].[1] Based on that review, the Court's clear recollection of the evidence presented at trial, and the application of governing legal authorities, the Court **denies** the Motion.

Defendant argues that the evidence presented at trial was legally insufficient to support the jury's verdict. "The duty of the district court in ruling on a post-verdict motion for acquittal is to determine, viewing the evidence in the light most favorable to the government, whether the evidence could be accepted by a jury as adequate and

---

[1] Defendant neither filed a Reply nor requested an extension of time to do so.

sufficient to support the conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992). The credibility of witnesses is exclusively within the province of the jury. *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007). Consequently, all credibility determinations are made in the light most favorable to the verdict. *See United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999).

When viewed in the light most favorable to the verdict, the evidence clearly and unequivocally supports the jury's verdict under Fifth Circuit authority. Where, as here, the contraband was concealed, the United States must present "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *Id.* The Government satisfied its burden by presenting the following evidence. Defendant made two trips to Nigeria before the trip before which he was arrested, each time spending one night in London even though there were other available itineraries for travel to Nigeria that did not require an overnight stay.[2] Defendant received sizeable sums of money in close proximity to each of these two trips. On these prior trips, Defendant had more checked baggage from Houston to London than he had from London to Nigeria.

---

[2] Before the first of these trips in May 2006, Anele had flown to Nigeria without connecting through London and without staying overnight.

The United States also presented evidence that Defendant's financial condition was poor. Yet during the year before he was arrested in April 2007 transporting approximately 15.5 pounds of cocaine, he and family members flew to Nigeria four times, he chose to travel to Nigeria for an extended period of time shortly after having obtained new employment, and his wife was discovered bringing more than $10,000.00 into the United States undeclared. The Government presented evidence that the value of the cocaine Defendant was transporting exceeded $300,000.00, a large quantity to be entrusted to someone without knowledge.

The Government presented evidence that Defendant received cell phone calls from London shortly before and during the time of his scheduled flight to London in April 2007. It was Defendant's position, however, that he was merely changing planes in London. Moreover, there was no evidence before the jury that Defendant had friends or other acquaintances in London.

This evidence, if believed by the jury, constitutes "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" as required by the Fifth Circuit in *Moreno*. The Fifth Circuit does not require, as Defendant appears to believe, that the Government must present direct evidence of specific knowledge regarding the contraband.

Defendant also argues that the evidence described above, as explained at trial by his wife, gives equal support to innocence as to guilt and, therefore, this Court must reverse his conviction. *See* Motion, p. 2 (citing *United States v. Menses*, 962 F.2d 420, 426 (5th Cir. 1992)). It is clear, however, that the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *Moreno*, 185 F.3d at 471. In this case, the evidence presented by the Government can be viewed as consistent with Defendant's innocence *only* if the jury believed the testimony of Defendant's wife. If, as was within their right, the jury found Mrs. Anele's testimony unworthy of belief, the Government's evidence did not equally support guilt or innocence but, instead, clearly established Defendant's guilt beyond a reasonable doubt. Accordingly, it is hereby

**ORDERED** that Defendant's Post-Conviction Motion for Judgment of Acquittal [Doc. # 136] is **DENIED**.

SIGNED at Houston, Texas, this **14th** day of **February, 2008.**

_____
Nancy F. Atlas
United States District Judge