IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE  NO. H-07-187 |
| | § | |
| HOPE IKECHUKWU ANELE | § | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Hope Ikechukwu Anele's Motion for Leave to Appeal In Forma Pauperis ("IFP Motion") [Doc. # 172]. For the reasons discussed herein, the Court **grants** Defendant's IFP Motion.

## I.     BACKGROUND

Defendant Anele was convicted, following a jury trial, of conspiracy and possession with intent to distribute more than five kilograms of a substance containing cocaine. Alphonsus Ezeoke, Esq. agreed to represent Anele on appeal of the conviction and sentence to the United States Court of Appeals for the Fifth Circuit.[1] Ezeoke filed a timely Notice of Appeal [Doc. # 165] on July 8, 2008. After requesting the transcript of the district court proceedings on July 21 and learning the

---

[1] Mr. Ezeoke states that he has received no payment for this representation, and that he was handling the case "pro bono."

cost of the transcripts, Ezeoke filed the IFP Motion on July 25, 2008, requesting pauper status for Anele on appeal. Anele states in the IFP Motion that the basis of his appeal is "that the jury based its conviction of Defendant on information outside of the evidence presented at trial." *See* IFP Motion, ¶ 4. In the Statement in Support of Request to Proceed in Forma Pauperis [Doc. # 173], Anele states that he has no income and no monthly expenses.[2] Anele states that he wants Ezeoke to represent him on appeal because he is Anele's "countryman" and because Anele trusts Ezeoke "totally." Anele and his family cannot pay for the transcript for all this criminal case proceedings.

The IFP Motion did not come to the Court's attention because of a procedural misunderstanding in chambers.

By Notice dated September 17, 2008, and sent to Ezeoke as Anele's counsel, the Fifth Circuit noted that Anele's appeal was deficient because financial arrangements with the court reporter had not been made. The Fifth Circuit advised Anele, through his attorney Ezeoke, that the appeal would be dismissed if this deficiency was not corrected within fifteen (15) days from the date of the notice.

---

[2] Ezeoke states that he prepared the affidavit to state that Anele had no expenses because he is incarcerated and he did not receive any information from Anele's wife about the family's expenses.

Receiving no response to the September 17, 2008, notice, the Fifth Circuit dismissed Anele's appeal on October 29, 2008.

Meanwhile, October 24, 2008, five weeks after the Circuit's Notice, Ezeoke filed a CJA 24 Authorization and Voucher for payment of Transcript form seeking CJA funds to pay for the transcript. The undersigned, believing that IFP status had been approved earlier, approved the order on November 17.

On November 20, 2008, this matter was brought to the Court's attention – not by Ezeoke, but by a member of the Court's Electronic Court Recording staff. The Court immediately scheduled a hearing on Anele's IFP Motion for November 24, 2008.

At the hearing, Ezeoke stated that after receiving the Fifth Circuit's notice, he called the Fifth Circuit Clerk's Office and visited the District Court Clerk's Office. Ezeoke states that in each instance he told a staff member that there was a motion for IFP status pending. There is no indication that Ezeoke explained to the staff members that, as of the date of the Notice, the IFP Motion had been pending for almost two months. What the court clerk staff members told Ezeoke is unclear. What is clear is that Ezeoke did not file any response to the Notice in the Court of Appeals. Nor did he file any submission in the District Court inquiring about the status of the IFP Motion. Ezeoke also failed to communicate with this Court's staff directly, despite

the Court's published procedures allowing such communications to the Court's case Manager by email or letter, so long as a copy of the communication is sent to all parties. *See* Honorable Nancy F. Atlas, Court Procedures (March, 2008), http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf, §§ 1(A), 1(B), 1(D), 1(E), 2(B), and 6(B). Instead, Ezeoke simply waited for the time to expire and eventually the appeal was dismissed. Only then did Ezeoke inform Anele or his wife about the status of the appeal.

## II. ANALYSIS

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The motion must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a). The district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in good faith. *See Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). A movant must demonstrate the existence of a non-frivolous issue for appeal. *See Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988).

In this case, the Court finds that Anele satisfies the financial requirements for IFP on appeal. The only issue for appeal identified by Anele is that the jury convicted

him based "on information outside of the evidence presented at trial." IFP Motion, at 1. This issue appears frivolous and unsupportable. The Court finds, however, that the case involved significant pretrial proceedings, was tried to verdict before a jury, and was the subject of a lengthy sentencing proceeding involving several issues raised by Defendant. There may be non-frivolous issues for appeal that Ezeoke has not identified, perhaps because he is inexperienced in appellate matters or because has not spent meaningful time investigating the case.[3] Because the Court is not willing to allow Ezeoke's omissions to deprive Anele of his right to appeal, the Court will grant Anele IFP status on appeal and will appoint experienced appellate counsel to represent Anele.[4]

### III. CONCLUSION AND ORDER

Anele selected Ezeoke as his appellate counsel. Ezeoke failed to obtain a ruling on Anele's IFP Motion, failed to advise the Fifth Circuit that the IFP Motion was pending, failed to bring the IFP Motion to the District Court's attention despite the unusually long period the unopposed motion had been pending, and failed to take any other actions to avoid dismissal of Anele's appeal. Indeed, this matter was brought

---

[3] Ezeoke stated at the hearing that he had spoken to trial counsel, Norman Silverman, but provided no details.

[4] The Court expresses no opinion regarding whether non-frivolous appellate issues exist in this case. After thoroughly reviewing the record, appellate counsel may, if appropriate, file a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

to the Court's attention by a court staff member, not by Ezeoke.  The Court will not, however, allow Ezeoke's omissions and inexperience to deprive Anele of his right to appeal.  Consequently, it is hereby

**ORDERED** that Anele's IFP Motion [Doc. # 172] is **GRANTED**.  It is further

**ORDERED** that the Court will by separate order appoint counsel to represent Anele on appeal.

SIGNED at Houston, Texas, this 24th day of **November, 2008.**

_____
Nancy F. Atlas
United States District Judge