IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0187 |
| | § | |
| HOPE ANELE | § | (Civil Action No. H-11-0656) |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Hope Anele's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 253]. The United States filed its Response [Doc. # 258], and Anele filed a Reply [Doc. # 259]. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the criminal proceedings in this case, and the application of governing legal authorities, the Court **denies** Anele's § 2255 Motion and **dismisses** the corresponding civil action (No. H-11-0656) for reasons set forth below.

## I.     BACKGROUND

Special Agents with Immigration and Customs Enforcement ("ICE") had identified Peter Igwe as a suspected cocaine dealer after he arrived in Houston from London with $124,000 in cash. In April 2007, ICE Agents established surveillance

at a hotel where Igwe was staying.  The agents observed Anele enter Igwe's hotel room, then return to his car and leave the hotel property.

The next day, the ICE Agents observed Anele arrive at Houston's Bush Intercontinental Airport ("IAH").  Anele was ticketed on a flight from IAH to London's Gatwick Airport, then from London's Heathrow Airport to Lagos, Nigeria the following day.  At check-in, Anele was asked if he packed his own bags and he answered, "yes."  When asked if anyone had given him anything to carry for them, Anele answered, "nobody gave anything."

A Customs and Border Protection ("CBP") officer examined Anele's luggage and discovered a "Barbie" dollhouse box containing several plastic-wrapped bundles of cocaine.  The suitcase and the baggage claim ticket associated with the suitcase both bore Anele's name.

Anele was indicted by a grand jury in May 2007 for possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  In September 2007, the indictment was superseded to add a conspiracy count.  Anele was tried by a jury, which returned a verdict of guilty as to each count.  Anele was sentenced to concurrent sentences of 121 months imprisonment.

Anele filed a Notice of Appeal, asserting that there was insufficient evidence to support the conviction and that the government committed prosecutorial misconduct.   The Fifth Court rejected both arguments and affirmed Anele's conviction.  *See United States v. Anele*, 366 F. App'x 566 (5th Cir. Feb. 22, 2010).

Anele, represented by counsel, filed his § 2255 Motion on February 22, 2011. In the § 2255 Motion, Anele asserts that he received ineffective assistance of counsel because defense counsel failed to obtain testimony from Mrs. Anele, Anele's wife, on which to base a jury instruction on good character.  Anele argues also that he received ineffective assistance of counsel when defense counsel failed to object to certain statements made by the prosecutor during closing argument.[1]  The Motion has been fully briefed and is ripe for decision.

## II.   <u>STANDARD OF REVIEW</u>

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and

---

[1]   Anele asserts summarily as a third ground for § 2255 relief that the cumulative effect of defense counsel's errors constitutes ineffective assistance of counsel.  As discussed fully herein, the Court concludes that Anele's complaints regarding defense counsel's performance, separately or cumulatively, do not establish that Anele received constitutionally ineffective assistance of counsel.

finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

"As a result, review of convictions under [§] 2255 ordinarily is limited to questions

of constitutional or jurisdictional magnitude, which may not be raised for the first time

on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at

166.  Of course, this procedural bar does not apply to claims that could not have been

raised on direct appeal, such as those for ineffective assistance of counsel, "since no

opportunity existed [before the district court] to develop the record on the merits of

the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see

also Massaro v. United States*, 538 U.S. 500 (2003).

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

Anele maintains that he is entitled to relief from his conviction and sentence

because he was denied effective assistance of counsel at trial.  Specifically, Anele

asserts that his trial attorney was ineffective because: (1) he failed to introduce

evidence to obtain a jury instruction regarding a defendant's character and (2) he

failed to object to improper statements by the prosecutor during closing argument.

The Sixth Amendment to the United States Constitution guarantees criminal

defendants the right to have the assistance of counsel at trial.  *See* U.S. CONST. amend.

VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  The right to counsel guaranteed by

the Sixth Amendment includes "the right to the *effective* assistance of counsel."

*McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).  Claims for

ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel
> was not functioning as the 'counsel' guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.   This requires showing that
> counsel's errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prevail under this standard,

a defendant must demonstrate both constitutionally deficient performance by counsel

and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529

U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant

shows that "counsel's representation fell below an objective standard of

reasonableness." *Strickland*, 466 U.S. at 687.  Scrutiny of counsel's performance must

be "highly deferential," and a reviewing court must make every effort "to eliminate

the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the

time." *Id.* at 689.  To establish ineffective assistance of counsel, defense counsel must

have "made errors so serious that counsel was not functioning as the 'counsel'

guaranteed . . . by the Sixth Amendment." *Id.* at 687.  "There is a 'strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Webster,* 392 F.3d 787, 793 (5th Cir. 2004) (quoting *Strickland,* 466 U.S. at 689). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (citations omitted). There is a "strong presumption" that defense counsel's challenged conduct "might be considered sound trial strategy." *Bell v. Cone*, 585 U.S. 685, 698 (2000).[2]

To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Therefore, the prejudice analysis focuses on whether the alleged errors by counsel, separately or cumulatively, undermine "confidence in the process afforded the criminally accused." *Virgil v. Dretke*, 446 F.3d 598, 612 (5th Cir. 2006).

### A.    Failure to Support Jury Instruction on Good Character

---

[2]    Although strategic choices are "virtually unchallengeable," such choices "made after less than complete investigation are reasonable only to the extent that reasonable professional judgments support the limitations on investigation." *Moore v. Johnson*, 194 F.3d 586, 592 (5th Cir. 1999). Anele does not allege that his attorney's investigation in this case was in any way inadequate.

Anele asserts that defense counsel provided constitutionally ineffective assistance when he failed to ask questions of Anele's wife that would lay the predicate for a jury instruction about Anele's good character.  Attached to the § 2255 Motion is Mrs. Anele's affidavit in which she states that she would have testified that Anele has a reputation in the community for being a law-abiding person, and that she has her own opinion that Anele is a law-abiding person.

Testimony about a criminal defendant's good character "may be enough to raise a reasonable doubt of the guilt of the accused and may entitle the accused to an appropriate jury instruction to that effect."  *See United States v. Darland*, 626 F.2d 1235, 1238 (5th Cir. 1980).  In this case, Anele's attorney failed to ask proper questions to elicit character testimony from Mrs. Anele and, as a result, Anele was not entitled to a jury instruction regarding character.

Anele has failed to demonstrate that defense counsel decision not to elicit character testimony from Mrs. Anele was constitutionally deficient.  The Court had indicated to defense counsel that if Mrs. Anele testified regarding Anele's character as a law-abiding person, that the Court might admit evidence that ICE agents received a "tip" from a trusted informant that Anele and Mrs. Anele were members of a long-standing cocaine smuggling operation.  Any decision by defense counsel to omit the

character testimony to avoid the significantly prejudicial "tip" evidence would not rise to the level of constitutionally deficient performance.

Moreover, Anele has not shown that the failure to question Mrs. Anele regarding Anele's good character as a law-abiding person – if deficient – was prejudicial. Mrs. Anele testified extensively that she and Anele received "profits" from a Nigerian company called "Cofacil" and that they preferred to transfer the "profits" in cash by having friends from Nigeria bring the cash to Anele in the United States. She testified specifically that the money she and Anele had was from Cofacil and not from cocaine smuggling. She testified that she would travel from Houston to London's Gatwick Airport and spend the night there before travelling on from London's Heathrow Airport to Nigeria because she "love[s]" British Airways. Mrs. Anele testified that Anele was travelling to Nigeria in April 2007 for Cofacil business and for Mrs. Anele's uncle's wedding. Mrs. Anele testified regarding the items Anele had in his luggage when he went to the airport in April 2007, including the Barbie dollhouse box. Mrs. Anele testified that she never saw Anele open the box or look inside it. She testified that the reason they would travel to London with one more piece of luggage than they left with from London to Nigeria was that they would hand-carry one piece of luggage that had valuables in it. It is clear that the jury, which unanimously voted to find Anele guilty of both drug counts charged in the indictment,

did not believe Mrs. Anele's testimony.  Consequently, it is highly unlikely that they would have believed Mrs. Anele's testimony that she and the community believed Anele was a law-abiding person.

Anele has failed to demonstrate that the failure to ask Mrs. Anele predicate questions for a jury instruction on good character was constitutionally deficient or, if deficient, was prejudicial.  As a result, Anele is not entitled to § 2255 relief on this basis.

### B.    Failure to Object During Prosecutor's Closing Argument

Anele argues that defense counsel was constitutionally ineffective because he failed to object to several portions of the prosecutor's closing argument.  Specifically, Anele complains that defense counsel failed to object to the prosecutor's reference to Anele as a "con man;" to the prosecutor's plea for the jury not to let Anele "con" them; to the prosecutor's statements that implicated Anele's right not to testify; to the prosecutor's statement that the presumption of innocence did not apply to Anele; and to the prosecutor's statement of his personal belief that Anele was guilty.[3]

---

[3]    On direct appeal, Anele challenged the prosecutor's statement during closing argument regarding Anele's untruthfulness in several respects during the years prior to his arrest.  Anele argued that the statement was an improper reference to Anele's decision not to testify and constituted prosecutorial misconduct.  The Fifth Circuit held that the statement did not manifest the prosecutor's intent to comment adversely on Anele's decision not to testify.  *See Anele*, 366 F. App'x at 568 (citing *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996)).

It is well established in the Fifth Circuit that "whether to object during closing argument is a matter of trial strategy that a federal habeas court should not lightly second-guess." *See, e.g., Drew v. Collins*, 964 F.2d 411, 423 (5th Cir. 1992); *Adams v. Quarterman*, 324 F. App'x 340, 353 (5th Cir. Apr. 22, 2009); *Wilson v. Cockrell*, 75 F. App'x 983, *10 (5th Cir. July 1, 2003). Indeed, an objection may have an adverse effect by drawing attention to the prosecutor's remarks. *See United States v. Phillips*, 224 F.3d 765, *3 (5th Cir. June 23, 2000) (citing *Walker v. United States*, 433 F.2d 306, 307 (5th Cir. 1970)); *see also Robinson v. Scott*, 52 F.3d 1066, *2 (5th Cir. Apr. 4, 1995). Anele has failed to demonstrate that counsel's failure to object was not a trial strategy that should not be second-guessed by this Court. Conventional and, indeed, modern wisdom suggests that objections during closing argument are disfavored unless the statement being objected to is significantly prejudicial and improper.

It is undisputed that defense counsel failed to object to the prosecutor's references to Anele as a "con man" and the prosecutor's statement that the jury should not let Anele "con" them. Anele has not demonstrated that the failure to object to these statements was a trial strategy that was so ill chosen that it permeated the entire trial with obvious unfairness – the standard required to support an ineffective assistance of counsel claim regarding a failure to object to statements during closing

argument.[4]  *See United States v. Windom*, 510 F.2d 989, 994 (5th Cir. 1975) (no mistrial was warranted where prosecutor referred to the defendant as a "con artist" because "unflattering characterizations of a defendant will not provoke a reversal when such descriptions are supported by the evidence").

Anele argues also that he received constitutionally ineffective assistance of counsel because his attorney failed to object to what Anele describes as (1) the prosecutor's statements that implicated Anele's right not to testify, and (2) statements that the presumption of innocence did not apply to Anele.  Such statements would clearly be objectionable, but Anele's arguments are based on mischaracterizations of the prosecutor's statements.

The challenged statement characterized as an improper comment on Anele's decision not to testify was made in connection with the prosecutor's comments regarding phone calls Anele received from London shortly before his arrest, and regarding Anele's conduct when he was arrested.  Specifically, the prosecutor said "[t]hey haven't brought you any explanations to the phone calls he received.  They

---

[4]     Anele suggests that the prosecutor's statement that Anele was a "con man" was merely a veiled reference to Anele's Nigerian heritage.  This argument is entirely unsupported by the record.  The prosecutor made no reference at any point to the fact that Anele is Nigerian and, contrary to Anele's argument, not all Nigerians are con men and not all con men are Nigerian.

haven't talked about why.  They haven't brought an explanation why Mr. Anele was not shocked, surprised when he was arrested."

"It is, of course, improper for a prosecutor to comment on a defendant's exercise of his Fifth Amendment rights."  *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996) (citing *Griffin v. California,* 380 U.S. 609, 615 (1965)).  "The government is not prohibited, however, from commenting on the defense's failure to counter or explain the evidence as opposed to the defendant's failure to testify."  *Id.* (citing *United States v. Guzman*, 781 F.2d 428, 432 (5th Cir. 1986); *United States v. Bright*, 630 F.2d 804, 825 (5th Cir. 1980)).  "The test for determining whether the prosecutor's remarks were constitutionally impermissible is: (1) whether the prosecutor's manifest intent was to comment on the defendant's silence or (2) whether the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence."  *Id.* (citing *United States v. Collins,* 972 F.2d 1385, 1406 (5th Cir. 1992)).  In this case, the defense presented witnesses and documentary evidence.  The prosecutor's comments were clearly related to the absence of evidence from those witnesses to explain the phone calls and Anele's lack of shock or surprise when arrested.  Contrary to Anele's argument, Mrs. Anele could have presented evidence – if any existed – regarding a legitimate explanation for the phone calls from London.  The statement by the prosecutor that

"they" haven't brought you any explanation for the phone calls and the absence of shock or surprise did not manifest an intent to comment on Anele's decision not to testify.  Additionally, the character of the comment would not lead the jury "naturally and necessarily" to interpret it as a statement about Anele's decision to remain silent. As a result, the statement was not objectionable and defense counsel was not constitutionally ineffective for failing to object.

The challenged comment characterized as a statement that the presumption of innocence did not apply to Anele was made after defense counsel argued in closing that any time there were two inferences that could be drawn from a fact, such as the fact that Anele "took a layover in London," then "the presumption of innocence tells you, you resolve the conflict in favor of the accused."  Defense counsel further stated that "[i]n light of the presumption of innocence, ties to the runner."  The prosecutor in rebuttal brought up defense counsel's statements and said "that's just not true in this case.  What is true is the Judge has given you the instructions.  And you will follow the instructions the Court has given you about who . . . has the burdens of proof and who's responsible for establishing the evidence in this case.  And the evidence speaks for itself."

The prosecutor's statement, although perhaps inartful, did not communicate to the jury that the presumption of innocence did not apply to Anele.  Instead, viewed in

context and together with the entire relevant portion of the rebuttal argument, the statement merely conveys the prosecutor's position that the government had satisfied its burden of proof and, as a result, there was no "tie."  The prosecutor clearly and correctly reminded the jury that the correct statement of the law was in the Judge's instructions and that the jury was required to follow those instructions, including those regarding the burdens of proof.  The prosecutor then stated that "the evidence speaks for itself" and encouraged the jury to examine all the evidence.  The statement was not improper and defense counsel was not constitutionally ineffective for failing to object. *See United States v. Stalnaker*, 571 F.3d 428, 440 (5th Cir. 2009) (citing *Bridge v. Lynaugh*, 838 F.2d 770, 774 n.1 (5th Cir. 1988)).

Anele argues also that defense counsel was constitutionally ineffective and that, on that basis, his conviction should be vacated because defense counsel failed to object to a statement that the prosecutor believed that Anele was guilty.  The statement was made during the prosecutor's argument regarding Anele's meeting with Peter Igwe.  The prosecutor stated that Igwe arrived in Houston on March 25, 2007, and "[t]wo days later he  books a flight to Nigeria via London?  Is that a coincidence?  I know it's not a coincidence."  Prosecutors are not permitted to express their personal opinion concerning the issues before the jury, particularly by suggesting that the prosecutor has information not presented to the jury.  *See United States v. Young*, 470

U.S. 1, 18-19 (1985) (citing *Berger v. United States*, 295 U.S. 78, 88-89 (1935)).  The prosecutor's statement in this case that he knows there is no coincidence between Igwe's arriving in Houston and planning a flight to London was improper and objectionable.  Anele has failed, however, to demonstrate prejudice resulting from the statement.  Igwe's conduct, and the absence of coincidence, was not relevant to Anele's defense.  Indeed, there was no dispute that Igwe provided the cocaine to Anele – the defense was that it was done without Anele's knowledge.  Consequently, the statement, while objectionable, did not prejudice Anele or render unreliable the jury deliberations and resulting verdict.  Anele is not entitled to § 2255 relief based on defense counsel's failure to object to this statement.

## IV.    CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on Anele's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c).  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Anele's constitutional claims debatable or wrong. Because the defendant does not otherwise

allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.    CONCLUSION AND ORDER

Anele has failed to establish that the alleged shortcomings by defense counsel, either separately or cumulatively, rose to the level of constitutionally ineffective assistance of counsel.  As a result, Anele is not entitled to relief under 28 U.S.C. § 2255, and it is hereby

**ORDERED** that Anele's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 253] is **DENIED** and the corresponding civil action (H-11-0656) is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 4th day of **August, 2011**.

Nancy F. Atlas
United States District Judge